J-S32038-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| CHARLES ROBINSON | : | |
| | : | |
| Appellant | : | No. 1814 EDA 2019 |

Appeal from the PCRA Order Entered June 7, 2019,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s): CP-51-CR-0006076-2014.

BEFORE: KUNSELMAN, J., KING, J., and COLINS, J.[*]

MEMORANDUM BY KUNSELMAN, J.:                    **FILED JULY 24, 2020**

Charles Robinson appeals from the order dismissing his petition filed pursuant to the Post Conviction Relief Act ("PCRA").[1] We affirm.

In 2013, Robinson rode his bicycle to the 5600 block of Beaumont Street in West Philadelphia and fired three shots from a gun at two men sitting outside, Robert Mack and Raheem Williams. The men attempted to run away; however, Williams, who had been shot in the chest, fell to the ground and died shortly thereafter. The next day, Mack met with Williams' mother, Roxanne Williams, and told her that Robinson shot her son, and that Mack would cooperate with police in his prosecution. Later that day, Mack, who had known Robinson since childhood, contacted police, identified Robinson as the shooter,

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] *See* 42 Pa.C.S.A. §§ 9541-9546.

and provided a written statement. A few days later, Robinson telephoned Police Officer Bryan Turner, made incriminating statements regarding the shooting, and agreed to turn himself in. However, Robinson did not do so, and disappeared. After a six-month manhunt, police arrested Robinson and charged him with Williams' murder and related charges.

At trial, the Commonwealth presented the testimony of Williams' neighbor, Rashon Miller, who stated that he saw Williams and Mack running away at the time of the shooting. Williams' mother, Roxanne Williams, testified that Mack told her that Robinson killed her son and that Mack would cooperate with police in Robinson's prosecution. Officer Turner testified regarding his telephone conversation with Robinson.

On July 7, 2015, a jury found Robinson guilty of first-degree murder. The trial court sentenced Robinson to life in prison without the possibility of parole. This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied Robinson's petition for allowance of appeal. **See Commonwealth v. Robinson**, 179 A.3d 567 (Pa. Super. 2017) (unpublished memorandum), *appeal denied*, 181 A.3d 1082 (Pa. 2018). Robinson filed a timely *pro se* PCRA petition. The PCRA court appointed PCRA counsel, who filed an amended petition. On May 7, 2019, the PCRA court sent Robinson a notice of its intent to dismiss the petition pursuant to Pa.R.Crim.P. 907. Robinson did not file a response to the notice. On June 7, 2019, the PCRA court dismissed Robinson's petition based upon lack of merit. Robinson filed

a timely notice of appeal. The PCRA court did not order Robinson to file a Pa.R.A.P. 1925(b) statement; however, the PCRA court issued a Rule 1925(a) opinion.

Robinson raises the following issues for our review:

1. Did the PCRA court err in dismissing [Robinson's] PCRA petition without a hearing because trial counsel was ineffective for failing to object and preserve the issue of [Williams'] mother's hearsay statements that were incriminating in relation to [Robinson]?

2. Did the PCRA court err in dismissing [Robinson's] PCRA petition without a hearing because trial counsel was ineffective for failing to request discovery in relation to telephone records of Police Officer Bryan Turner and there exists [after]-discovered evidence that Officer Turner is habitually dishonest?

Robinson's Brief at 4 (unnecessary capitalization omitted).

Our standard of review is as follows:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations omitted).

When a petitioner alleges trial counsel's ineffectiveness in a PCRA petition, he must prove by a preponderance of the evidence that his conviction

- 3 -

or sentence resulted from ineffective assistance of counsel "which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place." 42 Pa.C.S.A. § 9543(a)(2)(ii). Additionally, the petitioner must demonstrate:

> (1) that the underlying claim has arguable merit; (2) that no reasonable basis existed for counsel's actions or failure to act; and (3) that the petitioner suffered prejudice as a result of counsel's error. To prove that counsel's chosen strategy lacked a reasonable basis, a petitioner must prove that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. Regarding the prejudice prong, a petitioner must demonstrate that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction. Counsel is presumed to be effective; accordingly, to succeed on a claim of ineffectiveness[,] the petitioner must advance sufficient evidence to overcome this presumption.

*Commonwealth v. Johnson*, 139 A.3d 1257, 1272 (Pa. 2016) (internal citations and quotation marks omitted). A failure to satisfy any prong of the test for ineffectiveness will require rejection of the claim. *Commonwealth v. Martin*, 5 A.3d 177, 183 (Pa. 2010).

In his first issue, Robinson contends that the PCRA court erred in dismissing his claim that counsel was ineffective for failing to object to the testimony of Williams' mother, who was permitted to testify that Mack told her that Robinson killed her son, and that Mack would cooperate with authorities and implicate Robinson. Robinson argues that counsel had no basis for failing to object because Ms. Williams' testimony constituted hearsay,

which was not admissible for the truth of the matter asserted. Robinson claims that Mack recanted at trial and disavowed any statement to police. Robinson asserts that he suffered prejudice as a result of counsel's failure to object to the hearsay testimony of Ms. Williams because he had no opportunity to confront Mack because Mack recanted.[2]

The PCRA court considered Robinson's first issue and determined that it lacked merit. It reasoned as follows:

> Robinson's claim that trial counsel failed to object is belied by the record. The record shows that as Roxanne Williams began testifying regarding Mack coming to her house and telling her about the shooting, defense counsel immediately objected, stating, "Objection, hearsay." (N.T. 6/30/15, p. 210). This court then asked the jury to leave the courtroom, after which the Commonwealth argued that Mack's comments to Roxanne Williams were prior consistent statements:
>
> > Your honor, this is a prior consistent statement. In Commonwealth's Exhibit C-2, which is Robert Mack's 483, Page 2 he says that he told Ms. Williams word for word what he was telling the detectives. He then on the stand denied that that was true and said that he had never spoken to Ms. Williams about the murder of her son. The evidence that's about to be elicited is something different happened.
>
> ***Id***. at 211. This court then overruled the objection and allowed Roxanne Williams' testimony to continue. Thus, Robinson's claim that counsel failed to object is completely false. No relief is due.

PCRA Court Opinion, 11/15/19, at 4-5 (unnecessary capitalization omitted).

---

[2] We note with disapproval that Robinson did not tailor his appellate brief to include arguments directed to this Court. Rather, he merely copied his amended PCRA petition, which included arguments directed solely to the PCRA court.

The record supports the PCRA court's determination. Robinson's counsel lodged a hearsay objection to Ms. Williams' testimony regarding Mack's statements to her. *See* N.T., 6/30/15, at 211. Thus, Robinson's ineffectiveness claim based on counsel's purported failure to object to such testimony is meritless.[3]

In his second issue, Robinson contends that the PCRA court erred in dismissing his claim that counsel was ineffective for failing to request Officer Turner's telephone records in discovery. Robinson maintains that he did not speak to Officer Turner by telephone at any time in relation to the murder, and that he so informed counsel. He claims that it was therefore incumbent upon counsel to seek Officer Turner's telephone records to rebut the Officer's testimony that Robinson called him. Robinson points out that Officer Turner was permitted to testify that Robinson told him that "everybody was blaming me for something that I didn't mean to happen." Robinson's Brief at 21 (citing NT, 6/30/2015, at 221-24). Officer Turner was also permitted to testify that "I believe he [Robinson] was telling me he did it . . . ." *Id*. (citing NT, 6/30/2015, at 236). Robinson asserts that Officer Turner's testimony was

---

[3] The PCRA court additionally determined that, even if counsel had failed to object to Ms. Williams' testimony, no relief would be due because the testimony was properly admitted as a prior consistent statement after defense counsel questioned Mack and reinforced the theory that Mack lied to police but had told the truth on the stand. *See* PCRA Court Opinion, 11/15/19, at 5.

prejudicial because it indicated Robinson's fears associated with turning himself into authorities as well as an admission of guilt.

Robinson additionally argues that Officer Turner has a habit of lying, and was charged with falsifying police arrest paperwork and overtime records. Robinson concedes that Officer Turner was subsequently adjudicated not guilty of these charges, but Robinson nevertheless asserts that this information constitutes after-discovered evidence of Officer Turner's habit of lying which could have called his credibility into question.

The PCRA court considered Robinson's second ineffectiveness claim and determined that Robinson was unable to establish that counsel was ineffective for failing to request Officer Turner's telephone records. It reasoned as follows:

> This claim is without merit as discrediting [Officer] Turner's testimony would in no way exculpate [Robinson]. Indeed, in light of the overwhelming evidence of guilt against [Robinson], he is unable to demonstrate the prejudice prong of the ineffectiveness test. The record shows that Mack identified [Robinson] as the shooter and gave the police this information within one day of the murder. This identification was corroborated by Mack's conversation with Raheem's mother, Roxanne. In addition, Raheem's neighbor, Rashon Miller, testified that he saw Mack run away with Raheem after the shooting, verifying that Mack was present at the murder. The jury also could infer guilt from evidence of [Robinson's] flight-he evaded law enforcement for six months. Thus, even if the jury never heard [Officer] Turner's testimony regarding [Robinson's] phone call, there was still sufficient evidence to convict [Robinson] of Williams' murder. The Superior Court addressed the sufficiency of the evidence in its memorandum opinion and found the following evidence to be sufficient to support [Robinson's] conviction, making no mention of [Robinson's] phone call to [Officer] Turner:

It is undisputed that Raheem died as a result of a bullet fired into his body. With respect to the identification of [Robinson] as the shooter, the jury apparently believed Mack's statement made to police investigators within one day of the shooting. That statement was corroborated by testimony presented by both Raheem's mother and Raheem's neighbor, Miller. Although Mack stated in his recantations that he could not remember the shooting and was not present at the shooting, the veracity of his statement to police was corroborated with credible evidence. Miller testified that he saw Mack and Raheem immediately after the shooting running away together, just as Mack described in his initial statement to the homicide investigator. Moreover, Raheem's mother testified that within 24 hours of the shooting, Mack came to her home, told her [Robinson] was the shooter, and provided her with a version of events that matched what he told the police investigator later that same day.

(*Commonwealth v. Robinson*, [179 A.3d 567 (Pa. Super. 2017) (unpublished memorandum)]. Since [Robinson] cannot show the outcome of trial would have been different if Turner's testimony had been excluded, no relief is due.

PCRA Court Opinion, 11/15/19, at 6-7.

The PCRA court additionally addressed Robinson's claim that the allegations against Officer Turner constitute after-discovered evidence. Under the PCRA, a petitioner may be entitled to relief if he can plead and prove by a preponderance of the evidence that the conviction or sentence resulted from, *inter alia*, "[t]he unavailability at the time of trial of exculpatory evidence that has subsequently become available and would have changed the outcome of the trial if it had been introduced." 42 Pa.C.S.A. § 9543(a)(2)(vi). To obtain relief under the PCRA on an after-discovered evidence claim, a petitioner must demonstrate that the evidence: (1) could not have been obtained prior to the

conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted. **See Commonwealth v. Small**, 189 A.3d 961, 969 (Pa. 2018).

In concluding that Robinson did not satisfy this burden, the PCRA court reasoned as follows:

> In the case at bar, [Robinson] is unable to prevail on an after-discovered evidence claim regarding Officer Turner's arrest and subsequent dismissal from the police force. According to court records, on June 4, 2019, a jury found Officer Turner not guilty on all charges. **See** CP-51- CR-0006969-2018. An article in the Philadelphia Inquirer indicates that he is in the process of seeking reinstatement of his job with the police department. Thus, there is no evidence of misconduct, wrongdoing, or "habit of lying" to support [Robinson'] claims. Information that Officer Turner was arrested and ultimately acquitted of a crime more than five years after the shooting in this matter would have no bearing on the outcome of [Robinson's] case. As [Robinson] is unable to show that this "after-discovered evidence" would have been used for non-impeachment purposes and cannot show that it would have compelled a different verdict, no relief is due.

PCRA Court Opinion, 11/15/19, at 8-9 (footnote omitted).

The PCRA court's determinations are supported by the record, and we discern no legal error in its analysis. Therefore, Robinson's second issue warrants no relief.

As Robinson is not entitled to relief on either of his issues, we affirm the PCRA court's order dismissing his petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>7/24/20</u>